[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-12022

Non-Argument Calendar

————————————————

AMANALI BABWARI,

Plaintiff-Appellee,

*versus*

STATE FARM FIRE AND CASUALTY COMPANY,

Defendant-Appellant,

AYRS FOOD & FUEL LLC, et al.,

Defendants.

————————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cv-00895-RDP

_____

Before JORDAN, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

We issued jurisdictional questions ("JQs") about (1) the district court's subject matter jurisdiction under 28 U.S.C. § 1332, given that original plaintiff Amanali Babwari and original defendants A.Y.R.S. Food & Fuel, LLC ("A.Y.R.S."), Ramzan Jiwani, and Younus Saleh are all alleged to be citizens of Alabama, and the record did not reflect the realignment of the parties; and (2) whether the district court's May 15, 2023 order that defendant State Farm Fire and Casualty Company ("State Farm") challenges on appeal is final or immediately appealable.

In response to the JQs, Babwari asserts that we may lack jurisdiction over the appeal because the district court's May 15, 2023 order did not determine or specify the means for determining the amount of damages and interest to which he is entitled. Additionally, following our JQs, State Farm filed a motion before the district court to realign Jiwani, Saleh, and A.Y.R.S. as plaintiffs, which the district court granted.

The district court's order granting State Farm's motion for realignment of the parties confirmed that the district court had subject matter jurisdiction in the first instance. *See* 28 U.S.C. § 1332.

We agree with Babwari that we lack jurisdiction over the appeal because the district court's May 15, 2023 order is not final or otherwise immediately appealable. The May 15 order is silent as to an award of any prejudgment interest, including the prejudgment interest rate and the date from which any prejudgment interest would accrue. *See U.S. S.E.C. v. Carrillo*, 325 F.3d 1268, 1272-74 (11th Cir. 2003) (noting that the calculation of prejudgment interest can be ministerial, but if the judgment amount, the prejudgment interest rate, or the date from which prejudgment interest accrues is unclear, the calculation of prejudgment interest is no longer a ministerial act and the court's order is not final); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 n.3 (1989) (indicating that prejudgment interest is part of the "merits" of a case). Additionally, the May 15 order is not immediately reviewable under the collateral order doctrine because it is not effectively unreviewable on appeal from a final judgment. *See Plaintiff A v. Schair*, 744 F.3d 1247, 1253 (11th Cir. 2014) (explaining that a ruling that does not conclude the litigation may be appealed under the collateral order doctrine if it, *inter alia*, is "effectively unreviewable on appeal from a final judgment").

Accordingly, this appeal is DISMISSED for lack of jurisdiction.[1]

---

[1] We also asked the parties to address whether the district court's May 15, 2023 order was final given that it did not dispose of all the claims against all the parties. Because we find that we lack jurisdiction over the appeal due to the pending issue of damages, we express no opinion on the other finality issue.